Per Curiam.
The application to vacate the stay of execution presented to Justice Blackmun has been referred to the Court.
Applying the prevailing legal standard, it is “particularly egregious” to enter a stay on second or subsequent habeas petitions unless “there are substantial grounds upon which relief might be granted.” Herrera v. Collins, 506 U. S. 390, 425, 426 (1993) (O’Connor, J., joined by Kennedy, J., concurring) (internal quotation marks omitted). No substantial grounds were presented in the present case. The District Court stated that the “facts in Herrera mirror those in the present case.” No. 93-0674-CV-1 (WD Mo., July 19, 1993). This assessment was not even questioned by the Court of Appeals, and is obviously correct. There is therefore no conceivable need for the Court of Appeals to engage in “more detailed study” over the next five weeks to resolve this claim. See 999 F. 2d 1219 (CA8 1993).
It is an abuse of discretion for a federal court to interfere with the orderly process of a State’s criminal justice system in a case raising claims that are for all relevant purposes indistinguishable from those we recently rejected in Herrera. Accordingly, the Court of Appeals’ stay must be vacated.
*826 Justice Souter would deny the application to vacate the stay.